IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICK MARTINEZ, | : |
|     Petitioner | : |
|     v. | : Case No. 3:24-cv-158-KAP |
| MICHAEL UNDERWOOD, WARDEN, | : |
| F.C.I LORETTO, | : |
|     Respondent | : |

### Memorandum Order

    Petitioner, currently an inmate at F.C.I. Loretto, filed a petition at ECF no. 9 for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, attacking the forfeiture of good conduct time (GCT), *see* 18 U.S.C.§ 3624, ordered as a result of disciplinary proceedings at F.C.I. Berlin where petitioner was formerly confined. For the reasons below, I deny the petition.

    On August 16, 2023, a routine search at F.C.I. Berlin of petitioner's locker turned up several items believed to be contraband; as petitioner was being escorted to the RHU the next day he was wearing a gold chain or necklace: this was confiscated. A subsequent search of petitioner's property led to the discovery of a pair of earbuds. This led to disciplinary sanctions charged in three incident reports: at No. 3813465, petitioner was charged with possessing puncture resistant gloves like those issued to staff for use in searches, together with contraband clothing items (non-standard issue socks, underwear, and eyeglasses) and a relish jar containing what was believed to be protein powder, in violation of disciplinary Code 108 (possessing a hazardous tool) and Codes 211 and 299 (disruptive conduct most like possessing staff clothing), *see* 28 C.F.R.§ 541.3, table 1. At No. 3813629, petitioner was charged with possessing a gold chain, considered to be nonhazardous contraband, in violation of disciplinary Code 305 (possession of anything unauthorized). At No. 3813998, petitioner was charged with possessing the earbuds, considered a hazardous tool, also in violation of disciplinary Code 108.

    After hearing before a disciplinary hearing officer, the DHO found petitioner guilty in all three cases. Here, I consider only the challenges to the loss of 68 days GCT imposed as a sanction at No. 3813465 and loss of 41 days GCT imposed as a sanction at No. 3813998; at No. 3813629, the minor sanction imposed (three months loss of phone privileges) expired long before petitioner filed his petition.

    As a preliminary note, the respondent argues that petitioner failed to raise the arguments he makes here within the inmate administrative remedy system and cannot raise them for the first time in habeas. That argument has ample precedent to support it,

but since I had to read the record anyway to evaluate that argument and having done so find it easier to proceed to the merits, I do not spend the additional time addressing the issue of waiver.

After Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), a prison disciplinary hearing that results in the loss of GCT or otherwise extends the time spent in custody must provide at least these procedural safeguards: an impartial decision-making body; at least twenty-four hours of advance written notice of the charges; an opportunity to call witnesses and present documentary evidence; assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate; and a written decision explaining the evidence relied upon and the reasons for the disciplinary action. *See* Campbell v. Warden Allenwood USP, 808 Fed.Appx. 70, 72 (3d Cir. 2020).

The substantive requirement applicable to disciplinary proceedings that result in loss of GCT or otherwise will affect the length of a sentence is that there be "some evidence" to support them. Superintendent v. Hill, 472 U.S. 445, 455, (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir.1991). Habeas review for that quantum of evidence "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455. This is codified in the Bureau of Prisons' regulations at 28 C.F.R.§ 541.8(f)(2017), requiring that "[t]he DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence."  *See* Bureau of Prisons Program Statement 5270.09, Inmate Discipline Program, August 1, 2011, *implementing* 28 C.F.R.§ 541.1-8 (text available at https://www.bop.gov/policy/progstat/5270_009.pdf).

Petitioner does not here and did not in his earlier proceedings challenge his possession of the items for which he was sanctioned. He offered explanations for why his possession should not be sanctioned. Petitioner explained that most of the clothing items were left behind by other inmates, including the puncture resistant gloves that he used for weightlifting. That argument in mitigation does not contradict their contraband status, so petitioner next argues that it is irrational to consider any clothing or earbuds a hazardous tool because they are not hazardous in themselves and classifying them as such because of their purported utility to facilitate escapes is unsupportable, especially when considered in light of the listed examples of hazardous tools (e.g. rope, hacksaw blades). As for the gloves, their puncture resistance made them useful for weightlifting but useless to defeat razor wire because there was no wire around F.C.I. Berlin, and it was not unlawful for inmates to possess substantially similar gloves available in the BOP system for recreation purposes.

If I were running a prison system I might agree with petitioner that some of the

charges and therefore the sanctions imposed were overkill, but I am not running a prison and neither is he. The Bureau of Prisons can classify any almost item as a prohibited object without any constitutional scrutiny. Petitioner's implicit argument that the Eighth Amendment provides for judicial review of the Bureau of Prisons' classification of penalties under a sort of proportionality review, or that it permits judicial review of the scope of items that can be defined as contraband, is wrong. The length of petitioner's sentence was set in court and is capable of being reviewed in court. If that sentence does not violate the Eighth Amendment then denying petitioner good conduct time for infractions in custody, although lengthening a petitioner's sentence adequately to provide a jurisdictional basis for habeas review, only diminishes some of the potential reduction of that sentence. It does not impose an additional sentence. An inmate has a legally protected interest in good time credits but proportionality review is no part of habeas review under <u>Superintendent v. Hill</u>.

If <u>Superintendent v. Hill</u>'s "some evidence" rule allowed some sort of rational basis review of the disciplinary regulations themselves, it should be clear that any item out of place in a prison is a potential threat to order and safety. The fact that no list could give every example of a hazardous tool does not mean that the concept of hazardous tool is vague. The Bureau can ban items simply because of their color (and does) and could ban different colors at different times at different prisons because, *inter alia*, gang affiliation can be signaled by color. The same is true of hairstyles, tattoos, clothing, and virtually any other material object. Nonregulation clothing or anything else that makes possible the identification of inmates as standing outside or alongside the prison's disciplinary system can be proscribed for that reason alone. The mere fact that an item is not universally possessed, whether the item is a pair of earbuds, a gold chain, or non-standard issue underwear, makes the possessor of that item someone who potentially threatens security because it makes that person stand out. (Petitioner's argument that his possession of non-standard underwear does not support a charge of possessing items like staff clothing because that regulation rationally would apply to outerwear is probably accurate but it appears that the DHO was applying that charge to the possession of puncture resistant gloves.)

Petitioner's next argument is that since F.C.I. Berlin is such a low security institution that one can walk away from custody without tools to escape, punishing him for possessing items like earbuds or puncture resistant gloves that no one could with a straight face could call escape tools or hazardous is irrational. Once again, neither the judiciary nor petitioner runs prisons. His point that his socks are at least equally hazardous tools because they could be used to strangle someone is clever, but since inmate murders are a fact of prison life the Bureau of Prisons could in fact ban all socks, or all calf-length socks, or classify socks as a hazardous tool without constitutional restraint. A government need not make perfect regulations, or the best regulations, or

even good regulations for those regulations to be valid. Petitioner might well have used the gloves he possessed for innocent purposes until the end of time. He might never have been aware of the Bluetooth capability of his earbuds, much less considered using them to facilitate an escape. That does not in the least mean that as a class those gloves or earbuds cannot be made contraband, any more than I could beat a speeding ticket by arguing that at 2:00a.m. the road was empty, there really is no practical difference between 55 m.p.h. and 65 m.p.h., and I couldn't be hurting anyone by exceeding the speed limit just a little. Because there is no question here that <u>Superintendent v. Hill</u> was complied with, and no doubt that the regulations were valid ones, the petition is denied.

DATE: August 28, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Erick Martinez, Reg. No. 15329-055
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630